IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLAN RAY VIA, )  | |
|    Petitioner, ) | Civil Action No. 7:22cv00463 |
| ) | |
| v. ) | |
| ) | |
| HOWARD W. CLARKE,[1] ) | By:  Michael F. Urbanski |
|    Respondent. ) | Chief United States District Judge |

**DISMISSAL ORDER**

Allan Ray Via, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences for voluntary manslaughter and felon in possession of ammunition, imposed by the Albemarle County Circuit Court by order entered January 12, 2022. Review of Via's petition reveals that he has not previously submitted his claims to the Supreme Court of Virginia, either on direct appeal or through a state habeas corpus proceeding, which means that he has not exhausted his state court remedies for this claim. Accordingly, the court must summarily dismiss the case without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant a § 2254 petition unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust his state remedies, Via must present his claims to the highest state court with jurisdiction to consider them, in this case, the Supreme Court of Virginia. O'Sullivan v.

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition shall be the state officer who has custody. That officer is Harold Clarke, Director of the Virginia Department of Corrections. Harold Clarke shall be named as the respondent, and the Clerk shall update the docket accordingly.

Boerckel, 526 U.S. 722, 730–31 (1991). Where, as here, a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice, to allow him to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

Under Virginia law, Via may file a state habeas petition in the circuit court where he was convicted, or he may file a state habeas petition directly with the Supreme Court of Virginia. Va. Code § 8.01-654(A)(1). Whichever forum in which he files his habeas petition, the applicable statute of limitations for his state habeas claim is two years from the date of final judgement in the trial court, and accordingly, he still has time to raise his habeas claims in state court. Va. Code § 8.01-654(A)(2). The proper form for filing a state habeas petition, which is required, is set forth in Virginia Code § 8.01-655(B). The proper party to name as respondent is indicated in Code § 8.01-658(B)(1). If Via starts his habeas in circuit court, rather than in the Supreme Court of Virginia, and does not receive the desired relief, he must properly appeal to the Supreme Court of Virginia to fully exhaust his state remedies.

## CONCLUSION

For the reasons stated above, it is **ORDERED** that Via's petition be summarily **DISMISSED WITHOUT PREJUDICE** because he has not yet exhausted his available state court remedies and that this matter be **STRICKEN** from the docket of this court.

The Clerk is **DIRECTED** to send a copy of this order to Via.

**ENTER:** This 16th day of August, 2022.

*Digitally signed by Michael F. Urbanski Chief U.S. District Judge*
*Date: 2022.08.16 18:03:11 -04'00'*

Michael F. Urbanski
Chief United States District Judge